Justin Ward, Esq., State Bar No. 225363
THE WARD FIRM
2121 Natomas Crossing Drive,
Suite 200-389
Sacramento, California 95834
(916) 443-2474 Fax: (916) 209-8628
Justin@jlwardfirm.com

Attorney for Plaintiff,
ASHLEY JOHNSON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

ASHLEY JOHNSON

            Plaintiff,

    vs.

COUNTY OF EL DORADO and DOES 1
through 20, inclusive,

            Defendants.

CASE NO.:

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—
   Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—
   Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—
   Denial of Medical Care (42 U.S.C.§ 1983)
4. Municipal Liability for Unconstitutional
   Custom, Practice, or Policy (42 U.S.C. § 1983)
5. Municipal Liability— Failure to Train
   (42 U.S.C. § 1983)
6. False Arrest/False Imprisonment
7. Battery
8. Assault
9. Negligence
10. Intentional Infliction of Emotional Distress
11. Violation of Civil Code Section 52.1
    (Gender Violence)
12. Violation of Bane Act (Cal. Civil Code § 52.1)
13. Violation of Unruh Act
14. Violation of Ralph Act

**DEMAND FOR JURY TRIAL**

**Plaintiff's Complaint for Damages and Demand for Jury Trial**          Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

## PARTIES AND JURISDICTION

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 1985 and §§ 1331 and 1367(a). Jurisdiction is also vested in this court under the ancillary jurisdiction of the court.

2.      Venue is proper in the Eastern District of California and the County of El Dorado under 42 U.S.C. § 1402(b) because the incidents alleged herein occurred in this District.

3.      At all relevant times mentioned here, Plaintiff Ashley Johnson. ("Johnson" or "Plaintiff") was a resident of El Dorado County, California.

4.      At all relevant times mentioned here, Defendant County of El Dorado ("County" or "Defendant") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, County was the employer of Does 1-10 ("Doe Deputies"), who were Sheriff Deputies with the El Dorado County Sheriff Department and Does 11-20 ("Supervisory Does"), who were managerial, supervisorial, and policymaking employees of the El Dorado County Sheriff Department.  On information and belief, at all relevant times, Doe Deputies and Supervisory Does were employed within the County of El Dorado, California.  Doe Deputies and Supervisory Does are sued individually and in their official capacities as deputies, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the El Dorado County Sheriff Department.

5.      At all relevant times mentioned here, Doe Deputies were duly authorized employees and agents of County, who were acting under color of law within the course and scope of their respective duties as Sheriff Deputies and with the complete authority and ratification of their principal, Defendant El Dorado County.

6.      At all relevant times, Supervisory Does were duly appointed Deputies and/or employees or agents of County, subject to oversight and supervision by El Dorado County's elected and non-elected officials who were acting under color of law within the course and

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

scope of their duties as managerial, supervisorial, and policymaking employees for the El Dorado County Sheriff Department.

7.     In doing the acts and failing and omitting to act as hereinafter described, Doe Deputies were acting on the implied and actual permission and consent of County.

8.     At all times mentioned herein, each and every County defendant was the agent of each and every other County defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every County defendant.

9.     The true names of Doe Deputies and Supervisory Does, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10.     Throughout the complaint, Defendants County, Doe Deputies, and Supervisory Does are referred to collectively as "Defendants".

11.     Plaintiff suffered injuries as a direct and proximate result of the actions of Doe Deputies. Doe Deputies are directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

12.     Defendants County and Supervisory Does are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

### ADMNISTRATIVE EXAUSTION

13.     Before filing the instant action, Plaintiff exhausted her administrative remedies. On or about March 19, 2021, Plaintiff filed a government claim with the County of El Dorado. Plaintiff never received a notice of rejection.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                      Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

15.   On the early morning of October 4, 2020, Ashley Johnson's friend, Camilla Velasquez was visiting her.

16.   During the visit Ms. Velasquez became violent towards Ms. Johnson, including kicking and biting her.

17.   Ms. Johnson was eventually able to remove Ms. Velasquez from her apartment by throwing Ms. Velasquez's belongings out of the apartment.   After Ms. Valesquez went outside to get the belongings, Ms. Johnson, closed and locked the door.

18.   Ms. Velasquez then continuously pounded on Ms. Johnson's door and called her on the phone.

19.   Eventually, Ms. Johnson's downstairs neighbor, Karin Barbaria called the El Dorado County Sheriff's Department.

20.   Ms. Velasquez left as the deputies arrived.

21.   The Department's deputies spoke to Ms. Johnson and obtained her statement about Ms. Velasquez's abusive actions.   Ms. Johnson provided them with Ms. Velasquez's contact information.

22.   The deputies were able to contact Ms. Velasquez and obtain her statement.

23.   Later on October 4, 2020, the deputies returned to Ms. Johnson's apartment and arrested her for domestic violence against Ms. Velasquez.

24.   On the evening of October 4, 2020, Ms. Johnson was booked into the El Dorado County Jail for felony domestic violence charges.

25.   After being booked into the El Dorado County Jail, Ms. Johnson was ordered to strip naked in front of multiple male El Dorado County Sheriff Deputies ("Deputies").   She asked for a female Deputy to be present because she was not comfortable undressing in front of men.  The Deputies denied her request.

26.   Ms. Johnson then began to undress slowly, as she was not comfortable undressing in front of a group of men.  The observing deputies ordered her to "hurry up".

27.   The Deputies then yelled that she was taking too long and, without warning, threw her down face first onto a cement floor that was covered in various assorted bodily fluids

4

---

*Plaintiff's Complaint for Damages and Demand for Jury Trial*                                Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

and multiple large piles of human feces.

28.     Three male deputies using an illegal hold, smeared Ms. Johnson's face into the ground, one kneeling on her neck and face as they cut off her clothes and pulled her pants and underwear off of her body.  As a result of the aggressive takedown Ms. Johnson had blood coming from her face due to a front left cracked tooth.

29.     After the deputies cut Ms. Johnson's clothes off, they left her in the small cement room completely naked for over 15 hours. She was not allowed to call anyone and was told that if she needed to use the restroom, that she could just go on herself and ask to be hosed off.

30.     Due to Ms. Johnson's neighbor calling her parents, she was bailed out of jail and eventually released.

31.     Ms. Johnson was transported to the Emergency Room immediately after being released from jail. The incident has caused her both serious physical and psychological damage.

32.     At no time did Ms. Johnson resist or obstruct Doe Deputies.

33.     At no time did Ms. Johnson physically assault or verbally threaten Doe Deputies.

34.     As a legal result of Doe Deputies' actions, Ms. Johnson sustained serious injury and damages to her mind and body.

35.     Ms. Johnson never consented to this use of force against her. Moreover, she had broken no laws or other serious crimes which would have justified this use of severe force against her once she was in custody. She did not pose a reasonable threat of death or serious bodily injury to Doe Deputies, or any other person, so as to justify this use of severe force against her.

36.     As a legal result of each of the Defendants' conduct as described here, Ms. Johnson has suffered severe physical and emotional pain and injury to her mind and body, all in an amount to be determined according to proof at trial.

37.     As a further legal result of each of Defendants' conduct, Ms. Johnson has been required to employ and did employ physicians, surgeons, and psychologists to examine, treat and care for her. She has incurred additional medical costs for past hospital bills and other incidental medical expenses, and expects to incur similar medical expenses in the future, all in

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                    Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

an amount to be determined according to proof at trial.

38.    As a further legal result of each of the above-mentioned Defendants' conduct, Ms. Johnson has lost wages in the past in an amount to be determined according to proof at trial.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. §1983)

### (Against Defendants Doe Deputies)

39.    Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

40.    Doe Deputies caused Plaintiff to be detained and they attempted to arrest Plaintiff in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    Doe Deputies are liable for Plaintiff's injuries because they were integral participants to the violations of Plaintiff's rights.

42.    Plaintiff was detained without reasonable suspicion by Doe Deputies, and they arrested Plaintiff without probable cause.

43.    The conduct of Doe Deputies was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Doe Deputies.

44.    Accordingly, Defendants Doe Deputies, are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. §1983.

45.    Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. §1983)

### (Against Defendants Doe Deputies)

46.    Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

47.    The unjustified battery of Plaintiff by Doe Deputies deprived Plaintiff of her right

**Plaintiff's Complaint for Damages and Demand for Jury Trial**
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

Justin L. Ward, Esq.

to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     The unreasonable use of force by Doe Deputies deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.     As a result, Plaintiff suffered extreme mental and physical pain and suffering, loss of enjoyment of life and of earning capacity.

50.     Doe Deputies are liable for Plaintiff's injuries because they were integral participants in the excessive force.

51.     The use of force was excessive because this was not a felonious or violent situation, the involved Deputies did not give verbal warnings that force would be used despite it being feasible to do so, and there were other reasonable options available other than striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body.

52.     This use of force was excessive and unreasonable under the circumstances, especially since Plaintiff was unarmed and did not pose a physical threat to Doe Deputies when Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body. Defendants' actions thus deprived Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

53.     The conduct of Doe Deputies was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

54.     Plaintiff also seeks attorney fees under this claim.

//

//

***Plaintiff's Complaint for Damages and Demand for Jury Trial***                                                  Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against Defendants Doe Deputies)**

55.    Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

56.    The denial of medical care by Doe Deputies deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57.    As a result, Plaintiff suffered extreme mental and physical pain and suffering.

58.    Doe Deputies knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

59.    After striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body, Doe Deputies were aware that Plaintiff needed medical attention.

60.    Doe Deputies did not timely summon or provide timely medical attention for Plaintiff, who had obvious serious injuries, and Doe Deputies also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff.

61.    The conduct of Doe Deputies was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

62.    Plaintiff seeks attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants County and Supervisory Does)**

63.    Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

64.     On and for some time prior to October 4, 2020 (and continuing to the present date) Supervisory Does, deprived Plaintiff of the rights and liberties secured to her by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Employing and retaining as Sheriff Deputies and other personnel, including Doe Deputies whom Supervisory Does, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written El Dorado County Sheriff Department policies;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining El Dorado County Sheriff Deputies, and other personnel, who County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)     By failing to adequately train Deputies, including Doe Deputies, and failing to institute appropriate policies, regarding the use of excessive force;

(d)     By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Supervisory Does and County, were done with a deliberate indifference to individuals' safety and rights; and

(e)     Of totally inadequately training Doe Deputies, with respect to detaining, citing, and apprehending unarmed individuals.

65.     By reason of the aforementioned policies and practices of Defendants Supervisory Does, Plaintiff was severely injured and subjected to pain and suffering.

66.     Supervisory Does, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                     Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

67.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Supervisory Does acted with an intentional, reckless, and callous disregard for Plaintiff's constitutional rights.  Their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

68.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Supervisory Does, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

69.   By reason of the aforementioned acts and omissions of Supervisory Does, Plaintiff was caused to incur medical expenses.

70.   By reason of the aforementioned acts and omissions of Defendants Supervisory Does, Plaintiff has suffered emotional, mental, and physical pain.

71.   Accordingly, Supervisory Does, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

72.   Plaintiff seeks attorney fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants County and Supervisory Does)

73.   Plaintiff repeats and realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

74.   While acting under the color of state law and within the course and scope of their employment as Sheriff Deputies for the El Dorado County Sheriff Department, Doe Deputies' striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body, deprived Plaintiff, who was unarmed, of her rights and liberties secured to

10

Plaintiff's Complaint for Damages and Demand for Jury Trial            Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

her by the Fourth and Fourteenth Amendments, including her right to be free from unreasonable search and seizure.

75.    The training policies of Defendant, by and through the El Dorado County Sheriff's Department, were not adequate to train its Sheriff Deputies, including but not limited to, Doe Deputies, with regards to using force.  As a result, El Dorado County Sheriff Deputies, including Doe Deputies, are not able to handle the usual and recurring situations with which they must deal, including observing female inmates during strip searches and clothing changes. These inadequate training policies existed prior to the date of this incident and continue to this day.

76.    The Defendant, by and through the El Dorado County Sheriff's Department, was deliberately indifferent to the known or obvious consequences of its failure to train its Sheriff Deputies, including Doe Deputies, adequately with regards to using force.  This inadequate training includes failing to teach Deputies to give a verbal warning when feasible prior to using physical force, calmly explaining the law to citizens, and only using physical force when absolutely necessary.

77.    County was aware that failure to implement some sort of training with regards to their Deputies' observations of female inmates during strip searches and clothing changes would result in continuing to have numerous unreasonable officer involved assaults of unarmed individuals annually.

78.    The failure of Defendant, by and through the El Dorado County Sheriff's Department, to provide adequate training with regards issuing citations and using force, caused the deprivation of Plaintiff's rights by Doe Deputies.  In other words, the Defendant's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

79.    By failing to provide adequate training to El Dorado County's Sheriff Deputies, including Doe Deputies, Supervisory Does acted with an intentional, reckless, and callous disregard for Plaintiff's constitutional rights.  Supervisory Does, each of their actions were willful, wanton, oppressive, malicious,  fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                      Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

80.     By reason of the aforementioned acts and omissions of Supervisory Does, Plaintiff was caused to incur medical expenses and loss of income.

81.     Plaintiff also seeks statutory attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Cal. Govt. Code § 820 and California Common Law)

### (Against County and Doe Deputies)

82.     Plaintiff repeats and realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

83.     Doe Deputies, while working as Sheriff Deputies for County, and acting within the course and scope of their duties, intentionally deprived Plaintiff of her freedom of movement by use of force, threats of force and unreasonable duress when Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body. Doe Deputies also detained Plaintiff without reasonable suspicion and arrested Plaintiff without probable cause.

84.     Plaintiff did not knowingly or voluntarily consent to her detention or arrest. On information and belief, Plaintiff did not feel that she was free to leave as she lay on the ground. By striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body, Doe Deputies deprived Plaintiff, who was unarmed, of her liberty without justification.  Further, Doe Deputies did not have probable cause to believe that Plaintiff, specifically, had committed any crime.

85.     The conduct against Plaintiff by Doe Deputies, by striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body, was a substantial factor in causing the harm of Plaintiff.

86.     In committing the acts described herein, Doe Deputies subjected Plaintiff to unreasonable harm to her person, in violation of California Civil Code, Section 43.

87.     Doe Deputies' use of force against Plaintiff was unreasonable given the facts. Therefore, they are not immune from liability under Government Code Section 820.2.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

88.     Because Doe Deputies are not immune from liability under Government Code Section 820.2, County is not immune from liability under Government Code Section 815.2(b) and are vicariously liable under Government Code Section 815.2(a)

89.     The conduct of Doe Deputies was malicious, wanton, oppressive, and accomplished with a conscious  disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Against All Defendants)

90.     Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

91.     Doe Deputies, while working as Sheriff Deputies for the Defendant, by and through the El Dorado County Sheriff's Department, and acting within the course and scope of their duties, intentionally struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body.  Further, Plaintiff was unarmed at the time of the assault with nothing in her hands.  The use of force was  also unreasonable because there were clearly less severe options available.

92.     As a result of the actions of Doe Deputies, Plaintiff suffered severe mental and physical pain and suffering, and lost wages. Doe Deputies had no legal justification for using force against Plaintiff and Doe Deputies' use of force while carrying out their officer duties was an unreasonable use of force, especially since Plaintiff was unarmed, not resisting, and had not committed any crime when Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and  pain and have been injured in mind and body.

93.     In committing the acts described herein, Doe Deputies subjected Plaintiff to unreasonable harm to her person, in violation of California Civil Code, Section 43.

94.     Doe Deputies' use of force against Plaintiff was unreasonable given the facts.

13

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                   Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

Therefore, they are not immune from liability under Government Code Section 820.2.

95.    Because Doe Deputies are not immune from liability under Government Coe Section 820.2, County is not immune from liability under Government Code Section 815.2(b) and is vicariously liable under Government Code Section 815.2(a)

96.    The conduct of Doe Deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

### Civil Assault

### (Gov. Code § 820 and California Common Law)

### (Against All Defendants)

97.    Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

98.    Under supervision of County, Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body with the intent to cause Plaintiff to suffer apprehension of an immediate harmful contact.

99.    Plaintiff suffered apprehension of an immediate harmful contact.

100.    Both prior to and during the time in which Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Plaintiff was not armed with any kind of weapon, and posed no reasonable threat of violence to Doe Deputies, nor to any other individual.

101.    Both prior to and during the time in which she was struck throughout her body, thrown to the ground face first, and had her clothes torn off her body, Plaintiff had not committed any crime for which physical force by Doe Deputies was necessary.

102.    Both prior to and during the time in which she was struck throughout her body, thrown to the ground face first, and had her clothes torn off her body, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable Deputy that she was a threat of any kind or had the will, or the ability to inflict

14

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                    Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

substantial bodily harm against an individual.

103.    Both prior to and during the time in which she was struck throughout her body, thrown to the ground face first, and had her clothes torn off her body, Doe Deputies did not provide a female deputy to observe Plaintiff undress.

104.    Both prior to and during the time in which Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Doe Deputies were not faced with any circumstances which would have led a reasonable Deputy to believe that Plaintiff posed a risk of harm, death, or serious bodily injury to any person or to Plaintiff herself or that Plaintiff was not removing her clothing as instructed.

105.    Both prior to and during the time in which Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Plaintiff did not consent to the use of force used upon her.

106.    In committing the acts described herein, Doe Deputies subjected Plaintiff to unreasonable harm to her person, in violation of California Civil Code section 43.

107.    Doe Deputies' striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body was unreasonable given the fact that Plaintiff did not pose a danger to anyone or herself at the time, therefore Doe Deputies are not immune from liability under Government Code section 820.2.

108.    Because Doe Deputies are not immune from liability under Government Code section 820.2, County is not immune from liability under Government Code section 815.2, subdivision (b) and is vicariously liable under Government Code section 815.2, subdivision (a).

109.    As a proximate result of the above-mentioned conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe and permanent injury to her mind and body.

## NINTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (Against all Defendants)

110.    Plaintiff repeats and realleges each and every allegation in this Complaint with

15

**Plaintiff's Complaint for Damages and Demand for Jury Trial**
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:                                                Justin L. Ward, Esq.

the same force and effect as if fully set forth herein.

111.    The actions and inactions of the Defendants were negligent, including but not limited to:

(a)    the failure to properly and adequately train employees, including Doe Deputies, with regards to the use of force;

(b)    the failure to properly and adequately assess the need to detain, arrest, and use force, against Plaintiff;

(c)    the negligent tactics and handling of the situation with Plaintiff, including negligence;

(d)    the negligent detention, arrest, and use of force, against Plaintiff;

(e)    the failure to provide and or summon prompt medical care to Plaintiff;

(f)    striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body;

(g)    failure to train with regards to observing female inmates during strip searches and clothing changes;

(h)    the failure to give a verbal warning or any kind of command prior to detaining and tackling; and

(i)    the failure to properly train and supervise employees, both professional and non-professional, including Doe Deputies.

112.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering and lost wages.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

113.    County is vicariously liable for the wrongful acts of Does 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                             Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

**<u>TENTH CLAIM FOR RELIEF</u>**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

114.  Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point.  All claims asserted herein against County and Supervisory Does are presented pursuant to their vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment.

115.  Defendant County and Supervisory Does are entities that employed Doe Deputies.

116.  On October 4, 2020, under the supervision of County and Supervisory Does,  Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body. Further, Doe Deputies caused Plaintiff to fear further harm, and caused Plaintiff to suffer emotional damage when Doe Deputies participated in the conduct described in the foregoing paragraphs.

117.  Both prior to and during the time in which Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Plaintiff was not armed with any kind of weapon, and posed no reasonable threat of violence to Doe Deputies or any other Deputies, nor to any other individual.

118.  Both prior to and during the time in which Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that Plaintiff was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against an individual.

119.  Both prior to and during the time in which Doe Deputies struck Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Doe Deputies were not faced with any circumstances which would have led a reasonable officer to believe that Plaintiff posed a risk of harm, death, or serious bodily injury to any person or Plaintiff herself.

120.   Both prior to and during the time in which Defendant Doe Deputies struck

**Plaintiff's Complaint for Damages and Demand for Jury Trial**   Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

Plaintiff throughout her body, threw her to the ground face first, and tore her clothes off her body, Plaintiff did not consent to the use of force used upon her.

121.   In committing the acts described herein, Doe Deputies subjected Plaintiff to unreasonable harm to her person, in violation of California Civil Code, Section 43.

122.   Defendant Doe Deputies striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body was unreasonable given the facts. Therefore, Doe Deputies are not immune from liability under Government Code Section 820.2.

123.   Because Doe Deputies are not immune from liability under Government Code Section 820.2, County is not immune from liability under Government Code Section 815.2(b) and is vicariously liable under Government Code Section 815.2(a).

124.   As a proximate result of the above-mentioned conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe and permanent injury to her mind and body.

125.   Additionally, Plaintiff was required to employ and did employ physicians to examine, treat, and care for her, and incurred additional medical expenses for emergency treatment, and other incidental medical expenses in an amount according to proof at trial.

126.   As a further proximate result of the above-mentioned conduct of Defendants and each of them, Plaintiff has been required to employ and did employ mental health therapists to examine, treat, and care for her, and incurred additional expenses for mental health therapy, and other incidental expenses in an amount according to proof at trial.

## ELEVENTH CAUSE OF ACTION

### Gender Violence

### Violation of California Civil Code Section 52.4

### (Against All Defendants)

127.   Plaintiff incorporates herein by reference, as though set forth in full, all preceding Paragraphs of this complaint.

128.   County adopted, approved, ratified, and aided and abetted Doe Deputies' gender violence on the Plaintiff, which constituted criminal offenses under California law, including

**Plaintiff's Complaint for Damages and Demand for Jury Trial**          Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

Penal Code 245, assault, which includes the use, attempted use, or threatened use of force against a person. These crimes, at least in part, were based on the gender of Plaintiff.

129.    Defendants caused a physical intrusion or a physical invasion to Plaintiff's person without consent, in that Plaintiff was struck throughout her body, thrown to the ground face first, and had her clothes torn off her body because Deputies felt she was not undressing fast enough after her request for a female deputy was denied.

130.    The acts of violence as alleged above were directed at Plaintiff because she was a woman. These acts were intended to humiliate and degrade the Plaintiff because she was a woman.  They robbed her of her dignity.

131.    Defendants' aforementioned conduct was accomplished intentionally and/or recklessly with conscious disregard for Plaintiff's health, safety, privacy, freedom, and human dignity.  The aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community.  Plaintiff therefore requests an award of punitive damages.

## TWELFTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

### (Against County and Doe Deputies)

132.    Plaintiff repeats and realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

133.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of her  constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

134.    Conduct that violates the Fourth Amendment violates the California  Bane Act.

135.    Doe Deputies' use of force was excessive and unreasonable under the circumstances, especially  since Plaintiff did not threaten them in any way, did not become physical with them, and was not committing any illegal offense.  Further, Doe Deputies did not properly allow Plaintiff to undress, despite Plaintiff asking for a female deputy.  Defendants'

19

**Plaintiff's Complaint for Damages and Demand for Jury Trial**
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:                                                                                    Justin L. Ward, Esq.

actions thus deprived Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

136.    Plaintiff's clothing was torn from her body without probable cause and without the presence of a female Deputy.  Defendants' actions thus deprived Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

137.    Doe Deputies intentionally violated  Plaintiff's rights under Section 1983 by detaining Plaintiff without reasonable suspicion, by attempting to arrest Plaintiff without probable cause,  and by using excessive force against Plaintiff, including but not limited to, striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body.  Further, these acts by Doe Deputies demonstrate that they had a reckless disregard for Plaintiff's constitutional rights.

138.    At the time of the assault, Plaintiff did not pose an immediate threat of death or serious bodily injury and Plaintiff never verbally threatened anyone prior to the assault.  There is direct and circumstantial evidence that Doe Deputies intentionally violated Plaintiff's rights under Section 1983 by unlawfully detaining her, by attempting to unlawfully arrest her and striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body, even though Plaintiff did not resist Doe Deputies.

139.    Doe Deputies, while working as Sheriff Deputies for the El Dorado County Sheriff's Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the  conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

140.    Plaintiff was caused to suffer extreme mental and physical pain and suffering and a loss of earning capacity.

141.    The conduct of Doe Deputies was a substantial factor in causing the harms, losses, injuries, and damages of Plaintiff.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                        Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

142.     County is vicariously liable for the wrongful acts of Doe Deputies pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her to liability.

143.     The conduct of Doe Deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff entitling Plaintiff to an award of exemplary and punitive damages.

144.     Plaintiff also seeks attorney fees under this claim.

### THIRTEENTH CLAIM FOR RELIEF

**Violation of Unruh Civil Rights Act**

***Civil Code sections 51 & 52***

**(Against All Defendants)**

145.     Plaintiffs re-allege and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

146.     Defendants actively discriminated, or at least aided and/or incited such discrimination,  against Plaintiff by arresting her for the same offenses for which she accused her white attacker, while not arresting the perpetrator, then striking Plaintiff throughout her body, throwing her to the ground face first, and tearing her clothes off her body.

147.     Defendants denied Plaintiff full and equal application of her constitutional rights because she was an African-American lesbian woman, as alleged herein.

148.     Plaintiff has experienced severe physical and emotional pain as a result of Defendants' conduct, as alleged herein.

149.     Defendants' conduct was a substantial factor in causing Plaintiff's injuries, as alleged herein.

///

///

///

///

21

**Plaintiff's Complaint for Damages and Demand for Jury Trial**          Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

## FOURTEENTH CAUSE OF ACTION

### Violation of Ralph Civil Rights Act

#### *Civil Code sections 51.7 & 52*

### (Against All Defendants)

150.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

151.    Defendants committed acts of violence and/or threatened Plaintiff with violence and/or violent intimidation, or at least aided and/or incited such conduct, as alleged herein.

152.    Defendants' conduct was motivated by Plaintiff's race, gender, and sexual orientation, as Plaintiff is African-American, female, and lesbian, as alleged herein.

153.    Plaintiff has experienced severe physical and emotional pain as a result of Defendants' conduct as alleged herein.

154.    Defendants' conduct was a substantial factor in causing Plaintiff's injuries as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ashley Johnson requests entry of judgment in her favor and against Defendants County of El Dorado and DOES 1-20, inclusive, as follows:

A.    For compensatory damages under federal and state law, including physical injuries, pain and suffering, past and future medical expenses, past and future financial loss, and mental and emotional distress in an amount to be proven at trial;

B.    For punitive damages against the individual defendants in an amount to be proven at trial;

C.    For interest;

D.    For reasonable costs of this suit and attorneys' fees;

E.    For treble damages under Civil Code Section 52.1.17; and

//

//

22

**Plaintiff's Complaint for Damages and Demand for Jury Trial**
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.:

Justin L. Ward, Esq.

F.      For such further other relief as the Court may deem just, proper, and appropriate.

DATED: August 25, 2021            Respectfully submitted,

By  /S/ Justin L. Ward
      JUSTIN WARD, ESQ.
      Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues in this matter.

DATED: August 25, 2021            Respectfully submitted,

By  /S/ Justin L. Ward
      JUSTIN WARD, ESQ.
      Attorney for Plaintiff

**Plaintiff's Complaint for Damages and Demand for Jury Trial**          Justin L. Ward, Esq.
Johnson v. County of El Dorado and Does, 1 through 20, inclusive.
Case No.: